Weeda **TOWNSEND** et al., Appellants,

v.

**GULF INTERSTATE GAS COMPANY,**
Inc., Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1957.

Rehearing Denied Jan. 31, 1958.

M. C. Redwine, Jr., Redwine & Redwine, Winchester, for appellants.

Lewis A. White, Mt. Sterling, for appellee.

CAMMACK, Judge.

This appeal is from a judgment dismissing the claim of the appellants, Weeda Townsend and Rudell Townsend, for damages in the amount of $5,000 against the appellee, Gulf Interstate Gas Company, for the alleged destruction or damage of the appellants' crops, trees, fences and land while the Company was laying a pipe line across their farm. The appellee paid the appellants $107 for the pipe line laid under its easement and also paid them $500 for damages to their farm for which it took a receipt. The appellants contend that the damage payment covered only the immediate area of the pipe line and did not include any allowance for other damages and injuries to the entire farm.

The question to be determined is whether the judgment against the appellants was proper. They argue that their reply to the appellee's plea of avoidance raised a question of fraud and misrepresentation in the inducement to sign the receipt and the

dismissal thereafter of their claim without hearing parol evidence explaining the release was premature and prejudicial.

The appellee included in its answer to the complaint the terms of the easement and a receipt for damages paid in accordance with those terms. It also included a certified copy of the easement which was filed with the answer as an exhibit. In their reply to the answer the appellants stated that the receipt was signed due to a mistaken impression as to its terms or due to fraudulent inducement. Thereafter the appellants amended their complaint alleging the trespass constituted an unreasonable and unjustified use of their farm.

Included in the terms of the certified copy of the easement is the following language:

"* * * the Grantee to have the right to select, change, or alter the routes under, upon, over and through the property situated in the County of Powell and State of Kentucky described as follows: * * *."

There was no allegation that the appellee laid pipe on land not described in the easement. The presence of the appellee on the appellants' land therefore was permissive. It is apparent that the wording of the easement allowed the appellee to choose any portion of the appellants' farm for the laying of its pipe line. Having granted such an easement the appellants nevertheless brought their action in trespass and after attempts to amend their complaint stated that the actions of the appellee represented an unreasonable and unnecessary use of their property.

The quoted provision of the easement constituted a complete defense to an action in trespass and by introducing this agreement the appellee made a prima facie showing entitling it to a summary judgment. The opposing parties were then required to show availability of evidence justifying a trial of the issue involved. Continental Casualty Company v. Belknap

Hardware & Mfg. Company, Ky., 281 S.W. 2d 914. See also, Clay, CR p. 503. This they failed to do just as they failed to amend their complaint to state any cause of action other than trespass. Consequently we do not get to the question of mistake or fraud in the receipt for damages. It follows that the trial court was correct in granting the appellee a summary judgment. CR 12.03, 56.03.

Judgment affirmed.